UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GWEN CLEVELAND                                                                            PLAINTIFF

V.                                           CIVIL ACTION NO. 1:05CV565 LTS-JMW

JOHN FRENCH and NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY                                      DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiff Gwen Cleveland's (Cleveland) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Cleveland was a policy holder insured by Defendant Nationwide Mutual Fire Insurance Company (Nationwide) and that Defendant John French (French) was the agent through whom Cleveland purchased her Nationwide policy.

According to the complaint, when Cleveland purchased her Nationwide homeowners policy, French failed to inform Cleveland that she could purchase a flood insurance policy to protect her property against flood damage. (Complaint Paragraph 4) Cleveland has alleged that French was negligent in procuring the coverage she purchased from Nationwide. Cleveland has also alleged that French misrepresented the scope of coverage provided by the Nationwide policy.

### Legal Theory Supporting Removal - Fraudulent Joinder

Nationwide's citizenship is diverse from Cleveland's; French's citizenship is not. If French is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship.

Removal is premised on Nationwide's assertion that Cleveland has fraudulently joined French as a defendant, and, having made that assertion, Nationwide bears the burden of proving it to be true. B., Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. Dodson v. Spiliada Maritime Corp., 951 F2d 40 (5th Cir. 1992); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

### Allegations of the Complaint

Cleveland has alleged that when she purchased her Nationwide homeowners policy, French did not tell her that she could purchase a policy of flood insurance. Cleveland has also alleged that French made representation concerning the scope of coverage provided by the Nationwide policy and that these representations were not accurate. According to the complaint, "Plaintiff justifiably relied on these non-disclosure, representations by Defendant, French, and did not seek any additional coverage." (Complaint Paragraph 5) Plaintiff alleges that French was negligent in that he failed to procure proper coverage for her property.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. McKinnon v. Batte, 485 So.2d 295 (Miss.1986); Lovett v. Bradford, 676 So.2d 893 (Miss.1996); First United Bank of Poplarville v. Reid, 612 So.2d 1131 (Miss.1992).

As insurance agent or adjuster who acts with gross negligence, malice, or with reckless disregard for the rights of the insured during the process of adjusting a loss or considering the merits of a claim may incur individual liability for such acts. Bass v. California Life Ins. Co., 581 So.2d 1087 (Miss.1991).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984); Spragins v. Sunburst Bank, 605 So.2d 777 (Miss.1992). These essential elements may fit King's theory of recovery and allegations against Smith.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Representations made by an insurer's agent may become binding when an insured reasonably relies upon the representations in purchasing insurance. Scott v. Transport Indemnity Co., 513 So.2d 889 (Miss.1987); Nichols v. Shelter Life Insurance Co., 923 F.2d 1158 (5th Cir.1991).

Of course, the truth of Cleveland's allegations, the circumstances in which French's alleged representations were made, the question of whether Cleveland reasonably relied upon the statements she attributes to French, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, Cleveland's allegations that French was negligent in procuring insurance coverage remain to be proved. At this juncture, however, Cleveland's allegations must be accepted as true; she must be granted all reasonable inferences in favor of her theory of recovery; and any doubtful issues of state law must be resolved in her favor.

Without venturing any opinion on the merits of Cleveland's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Nationwide has failed to establish that Cleveland has no viable legal theory upon which she may proceed against French.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 1st day of May, 2006.

                                      s/ *L. T. Senter, Jr.*

                                      L. T. Senter, Jr.
                                      Senior Judge