**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GWEN CLEVELAND**                                                                    **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.1:05CV565 LTS-RHW**

**JOHN FRENCH and
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**         **DEFENDANTS**

**MEMORANDUM OPINION
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

The Court has before it the motion [24] of Defendants Nationwide Fire Insurance Company (Nationwide) and John French (French) for reconsideration of the order entered on May 1, 2006, granting Plaintiff Gwen Cleveland's (Cleveland) motion to remand.  The Court also has before it the motion [27] of Nationwide and Cleveland for leave to pursue an interlocutory appeal.  For the reasons set out below, these motions will be denied.

Nationwide's motion for reconsideration is based on four contentions:

1. Nationwide contends that the Court erred in determining the legal standard applicable to actions that have been removed based on allegations of fraudulent joinder.

2. Nationwide contends that the plaintiff's claim against French is time barred.

3. Nationwide contends that the plaintiff's allegations based on French's failure to advise her that flood insurance was available fails to state a claim upon which relief may be granted.

4. Nationwide contends that the Court erred in determining that this case does not fall within its federal question jurisdiction.

**Misjoinder, Diversity Jurisdiction, and the Applicable Legal Standard**

I have read and considered the authorities relied upon by the defendants, and I have carefully reviewed the record in this case.  I have read again the affidavit submitted by French in opposition to Cleveland's motion to remand, and I have again read the state court complaint.

French's affidavit indicates that he was not the agent with whom Cleveland talked at the time Cleveland originally purchased her Nationwide policy on October 29, 1998. (French Affidavit Paragraph 4) Cleveland's state court complaint indicates that there was such a discussion between Cleveland and French "at the time Plaintiff purchased the policy in question." (Complaint Paragraph 4)  Cleveland states that French did not advise her that she could purchase flood coverage and that she relied upon that advice to her (Cleveland's) detriment.

Given the differences between French's affidavit and the allegations of the complaint, there is a genuine issue of material fact concerning whether this discussion took place and, if so, when the discussion occurred and what the substance of the conversation was.  Thus, regardless of whether I apply the legal standard for a Rule 12(b)(6) motion to dismiss or the legal standard for a Rule 56 motion for summary judgment, Cleveland's version of his conversation with French and the allegations based on that conversation are sufficient to state a cause of action against French.

My reading of the authorities relied upon by Nationwide indicate that the Court has broad discretion in ruling on a motion to remand that permits, but *does not require*, that evidence outside the pleadings to be taken into consideration.  Regardless of which legal standard is applied to the record in this case, the result is the same.  French and Nationwide have not established, as a matter of law, that Cleveland's cause of action against French is groundless.

French's affidavit is simply not sufficient to negate the allegations of the complaint.  Even if French did not talk with Cleveland when she first purchased her Nationwide policy in 1998, that does not contradict Cleveland's allegation that she discussed coverages with French at the time she bought "the policy in question."  "The policy in question" would be the policy that was in effect at the time of Hurricane Katrina, and this policy was not the policy purchased in 1998, but one of the annual renewals of that policy.  Neither party has seen fit to make the declarations pages from the policy that was in effect at the time of Hurricane Katrina part of the record.  The declarations pages that Nationwide has put into the record are part of the policy in effect for  the period from October 29, 2005, through October 29, 2006. (Exhibit C to Nationwide's Response in Opposition to Motion To Remand)  I infer from these dates that there was a prior policy in effect from October 29, 2004, through October 29, 2005, and it is this policy that would be relevant to the allegations of the complaint.  French's affidavit does not address the purchase of any policy by Cleveland between 1998 and the time of Hurricane Katrina.

If I were applying the standards of Rule 56, I would be required to conclude that French has not submitted sufficient information to establish that he is entitled to judgment as a matter of law.  French's affidavit simply does not go far enough to negate the allegations of the complaint.  French's affidavit sheds no light on any discussions he may have had with Cleveland at the time the Nationwide policy at issue was renewed.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Whether the duty of reasonable care makes it incumbent on an agent to advise a customer concerning the amounts and types of coverage the customer should purchase is a question of fact that depends on the relationship between the agent and the customer, the circumstances and course of dealings between them, and many other facts which may have a bearing on this issue. These are all fact-specific inquiries.

With respect to the issue of diversity jurisdiction, the sole question before me is whether, assuming the truth of the allegations made in the complaint, and granting the plaintiff all favorable inferences of fact in support of her theory of recovery, the plaintiff has a reasonable probability of establishing a right of recovery against French individually. In making this inquiry, I must not only accept all the substantive allegations of the Complaint as true and grant all inferences favorable to the plaintiff's theory of recovery against French, but I must also resolve all doubtful issues of law in the plaintiff's favor. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).

Mississippi law recognizes a duty of reasonable care owed by one who undertakes to act as an agent to procure insurance coverage. If the plaintiff can substantiate the allegations she has made against French, and if she can establish circumstances in which the finder of fact is convinced that reasonable care required her agent to explain the option of obtaining flood coverage, there is at least a reasonable probability that she would state a cause of action for negligence under Mississippi law. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

These are big "ifs," but the merits of Cleveland's claim against French are not before me at this point. I express no opinion on the ultimate resolution of this claim, but I am satisfied that Cleveland's allegations are sufficient to withstand a motion to dismiss or a motion for summary judgment. The materials Nationwide and French have submitted are not sufficient to fully negate the allegations of the complaint, and thus, the initial burden of establishing that French is entitled to judgment as a matter of law has not been met.

I find that the complete diversity of citizenship necessary to establish subject matter jurisdiction under 28 U.S.C. §1332 is lacking in this action. Cleveland's claim against French for negligence is not invalid as a matter of law.

### The Statute of Limitations

The record is unclear concerning the date the alleged discussions between Cleveland and French took place. French's affidavit does identify October 28, 1998, as

the date Cleveland purchased her original Nationwide policy, and his affidavit states that he did not have any discussions with Cleveland concerning coverage at that time. Cleveland's complaint is also vague, specifying only "at the time Plaintiff purchased the policy in question," (Cleveland Affidavit Paragraph 2) as a time of the conversation she has alleged. The policy itself is not part of the record, but logic suggests that the policy in effect at the time of Hurricane Katrina (August 29, 2005) went into effect in October, 2004, and covered the period October 2004, through October 2005. Neither the plaintiff nor the defendants have submitted evidence by which I can definitively ascertain the date of the alleged conversation. I cannot make a finding that the statute of limitations has run without knowing this vital date.

In the context of deciding an issue of fraudulent joinder, it is the defendants who have the burden of proving that the plaintiff's claim against the non-diverse defendant is not viable. With respect to the issue of the statute of limitations, I can find no authority which establishes the date the statute begins to run in the circumstances alleged in this complaint. Because the plaintiff has selected a theory of recovery against French based on allegations of negligence, her cause of action may not have accrued on the date of the conversation she has alleged. Her cause of action may have accrued on the date she knew or should have known that the misconduct she alleges had taken place. In some circumstances, a cause of action for negligence may not accrue until the plaintiff suffers damages from the misconduct. This is an issue of law that must be answered on a more fully developed record than the one now before me. I find that this issue is one on which the plaintiff is entitled to the benefit of the doubt at this juncture.

**French's Alleged Failure To Advise Plaintiff of the Availability of Flood Insurance**

Nationwide contends that Cleveland's allegation that French failed to advise her of the availability of flood insurance is insufficient, as a matter of law, to state a claim for negligence. In order to sustain this position, the Court would be obliged to find that there are no circumstances and no relationships in which a duty might arise requiring an insurance agent to disclose the availability of flood insurance. This is a finding I am not prepared to make on the record before me. Neither Nationwide nor French has offered any evidence that the business relationship between Cleveland and French, which extended over a number of years, and the location of the insured property were such that an insurance agent, acting with reasonable care, would not have disclosed the availability of flood insurance or discussed the option of purchasing flood insurance with a customer such as Cleveland.

Nationwide and French suggest that the Court must find that there exists no set of facts that Cleveland could prove in support of her claim that would establish a breach of the applicable standard of care by French, but the defendants have offered no evidence on what that standard of care actually is.

At this juncture, I am required to give a liberal reading to Cleveland's complaint; I am required to allow Cleveland all reasonable inferences in support of her claim; and I am required to give Cleveland the benefit of all doubtful issues of law. Under these

standards, it does not appear to me that her negligence allegations are insufficient as a matter of law.

### Federal Question Jurisdiction under the National Flood Insurance Act

The plaintiff's claim against French is not based on allegations that a flood insurance claim was improperly adjusted nor on allegations that an existing flood insurance policy was not administered properly. This Court has jurisdiction under 28 U.S.C. §1331 of cases where there are claims of improper adjustment of flood insurance claims or the improper administration of flood insurance policies. As I appreciate the allegations of the complaint, Cleveland's claim is based on a failure to procure flood insurance, and even that theory of recovery is once removed, i.e. Cleveland did not request flood insurance under the National Flood Insurance Program, allegedly because French failed to advise Cleveland that this type of coverage was available. This type of allegation does not have a bearing on the National Flood Insurance Program sufficient to support federal question jurisdiction.

Recent cases have drawn a distinction between claims based on the failure to procure flood insurance coverage, which are outside the scope of exclusive federal jurisdiction, and claims based on the administration or adjustment of claims under existing flood insurance policies which are within the scope of exclusive federal jurisdiction. Compare *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006) (Fallon, Judge), with *Newman v. Allstate Insurance* Co., 2006 WL 2632116 (E.D.La.) (Feldman, Judge) and See *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 389 n. 3 (5th Cir. 2005); *Sullivan v. State Farm Fire and Casualty Co.*, 2006 WL 2119320 (E.D.La) (Barbier, Judge). A case in which an agent is charged with having negligently failed to advise his customer that flood insurance coverage was even available is even more remote from the National Flood Insurance Act, and thus further from the facts necessary to support subject matter jurisdiction under 28 U.S.C. §1331,

I disagree with the defendants' contention that they should be permitted to undertake an interlocutory appeal of this decision.

Accordingly, I will deny the motion for reconsideration [24], and I will deny the motion for leave to take an interlocutory appeal [27]. An appropriate order will be entered.

**SO ORDERED** this 16th day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge